FILED

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                                      SUPERIOR COURT DIVISION
COUNTY OF HALIFAX          2020 SEP 25  A 10: 15          FILE NO: 20 CVS ‾715‾

                              HALIFAX CO. C.S.C.
DONALD THAYER,                 BY _____

          Plaintiff,                        )
                                            )
v.                                          )          **COMPLAINT**
                                            )
MICHAEL TROY CARTER; ATS, INC.:             )
and WALMART, INC.,                          )          *Jury Trial Demanded*
                                            )
          Defendants.                       )


          Plaintiff, DONALD THAYER, by and through his undersigned counsel, hereby sues

Defendants, MICHAEL TROY CARTER, (hereinafter "CARTER"); ATS, INC. (hereinafter

"ATS"); and WALMART, INC. (hereinafter "WALMART"), and alleges as follows:

                                    <u>JURISDICTION</u>

          1.     At all times material to this action, Plaintiff, DONALD THAYER, was and is a

natural person domiciled in Orlando, Orange County, Florida.

          2.     At all times material to this action, Defendant, CARTER, was and is a natural person

domiciled in Hayes, Gloucester County, Virginia.

          3.     Defendant, ATS, was and is a Profit Corporation incorporated under the laws of

Minnesota, with its principal place of business located at 725 Opportunity Drive St. Cloud,

Minnesota 56301. Defendant, ATS, conducts a substantial part of business within the State of

North Carolina, where it serves as a transportation and logistics company to deliver freight and other

goods within the State of North Carolina as well as through the State. Defendant, ATS, regularly

contracts for and picks up freight from one or more of North Carolina's ports.

EXHIBIT
D

4.      At all times material hereto, Defendant, WALMART, was a for-profit corporation incorporated under the laws of Delaware, with its registered office located at 160 Mine Lake Ct., Ste. 200, Raleigh, North Carolina 27615. Defendant, WALMART, has substantial contacts with the State of North Carolina, operating approximately 195 stores in this state.

5.      The motor vehicle collision which gives rise to this Complaint occurred in Halifax County, North Carolina.

6.      A substantial part of the events or omissions giving rise to this claim occurred in Halifax County, North Carolina such that venue is proper in this County.

## FACTS REGARDING THE DEFENDANTS' ROLE IN INTERSTATE COMMERCE

7.      The transportation of goods in interstate commerce constitutes an ultra-hazardous activity that presents substantial dangers to the driving public when not done safely, properly, and with due caution. Accordingly, there are a number of federal regulations, state statues, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

8.      At all times material hereto, Defendant, ATS, was an authorized interstate motor carrier authorized to transport goods in interstate commerce for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or both. Accordingly, Defendant, ATS, was subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles,

-2-

and the safe brokering of goods in interstate commerce, the Federal Motor Carrier Safety Regulations ("FMCSRs") set subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49-Transportation and state law.

9.     In return for the privilege to operate commercial motor vehicles on the public highways transporting goods in interstate commerce, motor carriers like Defendant, ATS, must make certain safety related certifications and verifications to the USDOT. In order to obtain operating authority and get a USDOT Number, Defendant, ATS, had to submit a Form OP-1 Application for Motor Property Carrier and Broker Authority or equivalent. Defendant, WALMART, had to submit a similar application with the same certifications to obtain authority to operate as a Broker of goods in interstate commerce.

10.     Each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that Defendant, ATS, has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and the Defendant, ATS, will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

11.     More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendant, ATS:

a.     Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b.     Can produce a copy of the FMCSRs;

c.     Had and will have in place a driver safety/training/orientation program;

d.     Had and will have prepared and maintain an accident register;

-3-

e.  Is familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualification requirements;

f.  Had and will have in place policies and procedures consisted with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance;

g.  Is familiar with, and had and will have in place a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h.  Must comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

12.  Representative of Defendant, ATS, swore under penalty of perjury to comply with the above "Safety Certifications."

13.  At all relevant times, Defendant, CARTER, was a Virginia CDL licensed motor vehicle operator 2015 Freightliner commercial semi-truck bearing vehicle identification number 4V4NC9EH1FN917819 with an attached Trailer owned by Defendant, WALMART. Accordingly, Defendant, CARTER, was subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers including, without limitation, the FMCSRs set forth in 49 C.F.R. parts 350-398.

15.  At all relevant times, the 2015 Freightliner commercial semi-truck bearing vehicle identification number 4V4NC9EH1FN917819 was owned by the Defendant, ATS, and was being operated by Defendant, ATS, with Defendant, ATS's consent for the benefit of Defendant, ATS.

-4-

16.     At all relevant times, the Trailer attached to the semi-truck was owned by the Defendant, WALMART, and was being operated by Defendant, CARTER, with Defendant, WALMART'S, consent for the benefit of Defendant, WALMART.

17.     At all times relevant times, Defendant, CARTER, was employed and/or contracted to perform services for Defendant, WALMART, under Defendant, WALMART's, USDOT operating authority and was subject to Defendant, WALMART's, control or right to control, such that Defendant, WALMART, should be considered his actual and statutory employer and therefore vicariously liable for Defendant, CARTER's, negligence.

18.     Accordingly, Defendants, ATS, WALMART, and CARTER, are personally liable, jointly and severely, in partnership, joint venture or sole proprietorship, for the crash and resulting permanent injuries and damages suffered by Plaintiff, DONALD THAYER, claimed herein.

19.     Each Defendant acted in a manner that either alone or combined and concurring with the actions of other Defendants' acts of negligence, directly and proximately caused the incident and the resulting injuries to the Plaintiff.

20.     Plaintiff, DONALD THAYER, seeks all damages permissible under law, including, but not limited to, the conscious pain and suffering, disfigurement and mental anguish he experienced from his injuries, along with resulting economic damages.

### FACTS REGARDING THE CRASH

21.     On January 14, 2019, Plaintiff, DONALD THAYER, was the owner and operator of a 2018 Kia bearing vehicle identification number 3KPFL4A74JE202630 which was travelling southbound on Interstate 95 in Roanoke Rapids, Halifax County, North Carolina.

-5-

22.     At the aforementioned date and place, Defendant, CARTER, was operating a 2015 Freightliner commercial semi-truck bearing vehicle identification number 4V4NC9EH1FN917819 with an attached Trailer travelling southbound on Interstate 95 in Roanoke Rapids, Halifax County, North Carolina, with the consent of the owners, Defendants, ATS and WALMART, as set forth herein and in his capacity as agent, servant, workman, and/or employee of ATS and WALMART.

23.     At all times material hereto, Defendant, ATS, was the lawful owner of the 2015 Freightliner commercial semi-truck bearing vehicle identification number 4V4NC9EH1FN917819 which was travelling southbound on Interstate 95 in Roanoke Rapids, Halifax County, North Carolina.

24.     At all times material hereto, Defendant, WALMART, was the lawful owner of the Trailer attached to the 2015 Freightliner commercial semi-truck bearing vehicle identification number 4V4NC9EH1FN917819 which was travelling southbound on Interstate 95 in Roanoke Rapids, Halifax County, North Carolina.

25.     Unbeknownst to Plaintiff, Defendant, CARTER, unlawfully and without reason crashed the Truck into the rear of Plaintiff's vehicle, suddenly and without warning.

26.     The impact of the crash caused Plaintiff, DONALD THAYER, to suffer very serious and permanent injuries resulting in damages.

27.     At all times material hereto, Plaintiff was the operator of a vehicle who was properly restrained and acted in a safe, prudent, and reasonable manner. Accordingly, Plaintiff did not contribute in any way to causing the crash or his resulting injuries.

-6-

## COUNT I: NEGLIGENCE AGAINST MICHAEL TROY CARTER

28.     Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

29.     On or about January 14, 2019, Defendant, ATS, was the owner of a 2015 Freightliner commercial semi- truck bearing vehicle identification number 4V4NC9EH1FN917819 with a Trailer attached owned by Defendant, WALMART.

30.     On or about January 14, 2019, Defendant, CARTER, operated the Truck with the expressed and/or implied consent of Defendants, ATS and WALMART, while traveling in Interstate 95 in Roanoke Rapids, Halifax County, North Carolina.

31.     Defendant, CARTER, had a duty to operate the Truck and Trailer in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

32.     At all times material hereto, Defendant, CARTER, had non-delegable duties to maintain and operate the Truck and Trailer in a reasonable and safe manner and to know of and abide by all state and federal laws, statutes, regulations, and industry standards governing the safe operation of commercial motor vehicles, including without limitation, the FMCSRs set forth in 49 C.F.R. parts 350-398 and state law.

33.     Defendant, CARTER, breached those duties and was negligent and/or reckless in the operation, maintenance, and inspection of the Truck in one or more of the following ways:

        a.   failing to keep a proper lookout;

        b.   driving the Truck while distracted;

        c.   driving the Truck while fatigued;

-7-

d. exceeding hours of service limitations in violation of 49 CFR 395.1(g);

e. failing to maintain control of the Truck;

f. failing to take appropriate evasive action;

g. failing to properly inspect the Truck in violation of 49 CFR §396.11;

h. failing to maintain the Truck in proper repair in violation of 49 CFR §396.1;

i. crashing into the Plaintiff's vehicle; and

j. in other ways to be discovered and proven at trial.

34. Defendant, CARTER's, negligent conduct also violated laws intended to protect and prevent crashes with others like Plaintiff, DONALD THAYER.

35. Defendant, CARTER's, negligence directly and proximately caused the Plaintiff's damages.

36. As a result of the crash, Plaintiff, DONALD THAYER, suffered bodily injury including permanent injuries to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

37. WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, MICHAEL TROY CARTER, for damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT II: ACTIVE NEGLIGENCE AGAINST ATS, INC.

38.     Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

39.     Defendant, ATS, had non-delegable duties to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles.

40.     Upon information and belief, Defendant, ATS, failed in the above mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

a.  Failing to verify that Defendant, CARTER, operated the truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

b.  Failing to properly train and instruct Defendant, CARTER, and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;

c.  Failing to properly supervise Defendant, CARTER, and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

d.  Failing to properly inspect and maintain the Truck in violation of 49 CFR §396.11and 49 CFR §396.1;

e.  Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

f.  Having a negligent mode of operation and poor safety culture that created a danger to all motorists exposed to its commercial vehicle drivers including Plaintiff;

g.  Negligently entrusting the Truck, a dangerous instrumentality, to a dangerous and unqualified driver, like Defendant, CARTER;

-9-

h. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles;

i. Violating the applicable rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles; and/or

j. Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the traveling public and created a danger to all motorists exposed to its unsafe commercial motor vehicles drivers like Defendant, CARTER; and

k. In other ways to be discovered and proven at trial.

41. WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, ATS, INC., for damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT III: NEGLIGENT HIRING AND RETENTION AGAINST ATS, INC.

42. Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

43. Defendant, ATS, had a duty to only hire and retain safe, qualified and competent professional truck drivers to operate its commercial motor vehicles.

44. Defendant, ATS, breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

a. Failing to perform, or improperly performing, background, driving record, physical fitness to drive and/or character investigations that would have

-10-

revealed Defendant, CARTER, was unfit to operate a commercial motor vehicle;

b. Hiring and/or continuing to employ Defendant, CARTER, even though it knew or should have known that his violations of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

c. Permitting Defendant, CARTER, to operate the Truck when it knew or should have known that he was not properly qualified or trained;

d. Hiring and/or continuing to employ Defendant, CARTER, even though it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

e. Hiring and/or continuing to employ Defendant, CARTER, despite his subpar safety and driving record, which was or should have been known to Defendant, ATS; and

f. Failing to perform, or improperly performing, annual performance reviews, and checking medical evaluations and driving records that would have revealed Defendant, CARTER, was unfit to operate a commercial motor vehicle; and

g. In other ways to be discovered and proven at trial.

45.     Defendant, ATS's, negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

46.     As a direct and proximate result of the negligence of Defendant, ATS, Plaintiff, DONALD THAYER, suffered bodily injury including permanent injuries to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

-11-

47. WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, ATS, INC., for damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT IV: NEGLIGENT ENTRUSTMENT AGAINST ATS, INC.

48. Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

49. Defendant, ATS, had a duty to avoid the foreseeable harm posed by entrusting the Truck to a dangerous and unqualified driver like Defendant, CARTER.

50. Defendant, ATS, entrusted the Truck to Defendant, CARTER, despite his poor record and unfitness, which were or should have been known to Defendant, ATS.

51. As a direct and proximate result of the negligence of Defendant, ATS, Plaintiff, DONALD THAYER, suffered bodily injury including permanent injuries to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

52. WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, ATS, INC., for damages in excess of TWENTY-FIVE THOUSAND DOLLARS

($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT V: VICARIOUS LIABILITY AGAINST ATS, INC.

53. Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

54. At all relevant times, Defendant, CARTER, was Defendant, ATS's, agent, employee, servant, and or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of Defendant, ATS.

55. Therefore, Defendant, ATS, is vicariously liable for the negligent acts of Defendant, CARTER.

56. At the time of the crash, Defendant, CARTER, was operating the Truck, a dangerous instrumentality, with Defendant, ATS's, permission.

57. WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, ATS, INC., for damages in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT VI: ACTIVE NEGLIGENCE AGAINST WALMART, INC.

58. Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

59. Defendant, WALMART, had non-delegable duties to ensure that its drivers and vehicles were reasonably safe and complied with all laws, regulations and industry standards concerning the safe operation of commercial motor vehicles.

-13-

60. Upon information and belief, Defendant, WALMART, failed in the above-mentioned duties and was therefore negligence in one or more of, but not limited to, the following ways:

    a. Failing to verify that Defendant, CARTER, operated the truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles;

    b. Failing to properly train and instruct Defendant, CARTER, and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;

    c. Failing to properly supervise Defendant, CARTER, and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

    d. Failing to properly inspect and maintain the Truck in violation of 49 CFR §396.11and 49 CFR §396.1;

    e. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

    f. Having a negligent mode of operation and poor safety culture that created a danger to all motorists exposed to its commercial vehicle drivers including Plaintiff;

    g. Negligently entrusting the Truck, a dangerous instrumentality, to a dangerous and unqualified driver, like Defendant, CARTER;

    h. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles;

    i. Violating the applicable rules, laws and regulations pertaining to and governing the safe operation of commercial motor vehicles; and/or

    j. Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of

-14-

tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the traveling public and created a danger to all motorists exposed to its unsafe commercial motor vehicles drivers like Defendant, CARTER; and

k. In other ways to be discovered and proven at trial.

61.     WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, WALMART INC., for damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

## COUNT VII: NEGLIGENCE/RESPONDEAT SUPERIOR AGAINST WALMART INC.

62.     Plaintiff, DONALD THAYER, incorporates all foregoing paragraphs as if fully set forth herein:

63.     On or about January 14, 2019, Defendant, WALMART, was the owner of a Trailer attached to a 2015 Freightliner commercial semi-truck bearing vehicle identification number 4V4NC9EH1FN917819.

64.     At all times material to this cause of action, Defendant, CARTER, was Defendant, WALMART's, agent, employee, servant, and or independent contractor acting within the course and scope of his agency or employment, under the direct control and for the benefit of Defendant, WALMART. Therefore, Defendant, WALMART, is vicariously liable for the negligent acts of Defendant, CARTER.

65.     WHEREFORE, Plaintiff, DONALD THAYER, demands judgment against Defendant, WALMART INC., for damages in excess of TWENTY-FIVE THOUSAND

-15-

DOLLARS ($25,000.00) and any further relief the Court deems just and proper, and demands trial by jury of all issues so triable.

This the 17th day of September, 2020.

RHINE LAW FIRM, P.C.

Joel R. Rhine
North Carolina State Bar No. 16028
Email: jrr@rhinelawfirm.com
Janet R. Coleman
North Carolina State Bar No. 12363
Email: jrc@rhinelawfirm.com
Martin A. Ramey
North Carolina State Bar No. 33617
Email: mjr@rhinelawfirm.com
1612 Military Cutoff Road, Suite 300
Wilmington, North Carolina 28403
Tel: (910) 772-9960
Fax: (910) 772-9062

Ryan P. Rudd, Esq.*
Ady A. Goss, Esq.*
MORGAN & MORGAN, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 204-2208
Primary email: rrudd@forthepeople.com;
agoss@forthepeople.com;
Secondary email: eservicerrudd@forthepeople.com;

*Attorneys for Plaintiff*

*\*Pro hac vice* motions to be submitted

-16-